SAVINGS AND LOAN FUND ASSOCIATION OF THE EMPLOYEES OF THE INSULAR GOVERNMENT OF PUERTO RICO, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 996. Submitted April 20, 1937.—Decided May 5, 1937.

*R. Martínez Nadal* and *C. H. Juliá* for appellant. The registrar appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Ramonita Soltero Peralta, of age, single, and a resident of Río Piedras, purchased from Elena Peralta y López a rural property located in the Municipality of Sabana Grande. On June 24, 1936, she mortgaged it to the appellant association to secure a loan. The loan was also secured by a mortgage on an urban property belonging to the debtor and located in the Municipality of Río Piedras.

In the deed by which Miss Soltero acquired the rural property and constituted the mortgage, the vendee expressly stated that she had acquired said realty *for business purposes only and therefore does not claim a homestead right in the property, nor intends to do so in the future, and that due to this special condition, and for the purposes of the granting of the loan, and in consideration thereof, by these presents I waive in favor of the creditor any right or privilege of homestead that the laws may grant me, so long as the debt is outstanding.*

Upon the deed being presented for record to the respondent registrar, he refused to record the waiver of the right of homestead, on the grounds set forth in the following decision:

"The preceding document has been recorded as to the sale and the mortgage of the property of 38.04 acres (*cuerdas*) located in the ward of Santana, Sabana Grande, folio 66 back, of volume 39 of Sabana Grande, property 1368, second record; and denied as to the waiver of the right of homestead because said right can not be waived in accordance with Act No. 87 of May 13, 1936 (Sess. Laws, 1936 (1), p. 460) and a cautionary notice has been taken in lieu thereof for the term of 120 days, as provided by law, in favor of the mortgage creditor and its aforesaid right."

The appellant association requests the reversal of the decision appealed from, and an order cancelling the defect noted by the registrar in the deed of mortgage and sale.

The respondent requests the dismissal of the appeal because the same was filed after the expiration of the term of 20 days from the date on which the person presenting the document was notified of the adverse decision appealed from. It appears from the record that notice was given to the person presenting the document on January 13, 1937, and that this appeal was taken on April 28, 1937.

Section 3 of the Act of March 1, 1902 (Comp. Stat. 1911, section 2182), reads as follows:

"The party interested may withdraw the document within two days after the refusal of the registrar to record or enter it, and within twenty days thereafter may present it to the Supreme Court and the court shall thereupon affirm or reverse the action of the registrar, as in section two."

The term of 20 days fixed by the statute is jurisdictional and therefore this court lacks power to entertain an appeal which, like the present one, has been taken after the expiration of said term. The decision appealed from was consented upon the expiration of the legal term. See *Hernández* v. *The Registrar of Property*, 14 P.R.R. 768; *Barreras* v. *The Registrar of Property*, 14 P.R.R. 542; *Porrata* v. *Registrar of Property*, 26 P.R.R. 263.

For the reasons stated the appeal must be dismissed.